# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-2161

_____

David Wayne Boyles,                      *
                                         *
          Appellant,                     *
                                         *   Appeal from the United States
     v.                                  *   District Court for the
                                         *   Eastern District of Arkansas.
T. Park, Lt., Wrightsville Unit, ADC;    *
R. McAllister, Major, Wrightsville       *        **[UNPUBLISHED]**
Unit, ADC; Perry, Major, Wrightsville    *
Unit, ADC; Clifford Terry, Warden,       *
Wrightsville Unit, ADC; Cook,            *
Assistant Warden, Wrightsville Unit,     *
ADC; Grant Harris, Warden, Pine          *
Bluff Unit, ADC; M. Capel,               *
Assistant Warden, Pine Bluff Unit,       *
ADC; Ybarra, Officer, Pine Bluff         *
Unit, ADC; Brooks, Lt., Pine Bluff       *
Unit, ADC; Q. Haynes, Ms., A.R.O.,       *
Pine Bluff Unit, ADC; C. W. Hall,        *
Captain, Pine Bluff Unit, ADC;           *
Shilling, Sgt., Pine Bluff Unit, ADC; J. *
Hudson, Captain, Pine Bluff Unit,        *
ADC; Vent, Sgt., Pine Bluff Unit,        *
ADC; John Doe, Grievance Officer,        *
ARO, East Arkansas Regional Unit,        *
ADC; Walton, Classification Officer,     *
East Arkansas Regional Unit, ADC;        *
Powell, Lt., East Arkansas Regional      *
Unit, ADC; Barnes, Captain, East         *
Arkansas Regional Unit, ADC;             *
Jackson, Captain, East Arkansas          *

Regional Unit, ADC; Scudamore,       *
Captain, East Arkansas Regional Unit,   *
ADC; Dub D. Carnes, Sgt., East       *
Arkansas Regional Unit, ADC; Grey,     *
Sgt., East Arkansas Regional Unit,     *
ADC; Henry, Sgt., East Arkansas       *
Regional Unit, ADC; Dean Officer,     *
East Arkansas Regional Unit, ADC;     *
Bell, Officer, East Arkansas Regional   *
Unit, ADC; Johnson, Officer, East     *
Arkansas Regional Unit, ADC; Evans,   *
Officer, East Arkansas Regional Unit,   *
ADC; Attwater, Officer, East Arkansas   *
Regional Unit, ADC; Smith, Officer,     *
East Arkansas Regional Unit, ADC;     *
Welington, Officer, East Arkansas     *
Regional Unit, ADC; Cooksey,         *
Assistant Warden, East Arkansas       *
Regional Unit, ADC; Banks, Assistant   *
Warden, East Arkansas Regional Unit,   *
ADC; Harmon, Warden, East Arkansas   *
Regional Unit, ADC; Edwards, Dr.,     *
East Arkansas Regional Unit, ADC;     *
Lou, Dr., East Arkansas Regional Unit,   *
ADC; Minor, Ms. East Arkansas       *
Regional Unit, ADC; Humphries, Sgt.,   *
East Arkansas Regional Unit, ADC;     *
Larry Norris, Director, Arkansas       *
Department of Correction; Jim Smith,   *
Compliance Attorney, Arkansas       *
Department of Correction; M. Pecock,   *
A.D.C. Attorney; R. Hobbs, Assistant   *
Director, Arkansas Department of     *
Correction; R. Dobbs, Assistant       *
Director, Arkansas Department of     *
Correction; T. Compton, Grievance     *
Super., Arkansas Department of       *

Correction; R. Clark, Internal Affairs,     *
Arkansas Department of Correction; J.    *
Gibson, Internal Affairs, Arkansas      *
Department of Correction; J. Byrd,       *
Internal Affairs, Arkansas Department  *
of Correction; L. May, Assistant        *
Director, Arkansas Department of       *
Correction; Wingaurd, Lt., Pine Bluff   *
Unit, ADC; Tobar, Sgt., Ms., EARU,    *
Arkansas Department of Correction;    *
Lt. Crumpton, EARU, Arkansas      *
Department of Correction,         *
                                 *

        Appellees.        *

_____

Submitted: November 4, 2004
Filed: November 8, 2004

_____

Before RILEY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate David Wayne Boyles (Boyles) appeals the district court's[1] preservice dismissal of his 42 U.S.C. § 1983 complaint for failure to exhaust his administrative remedies. Having carefully reviewed the record, we affirm. See Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (standard of review).

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas, adopting the findings and recommendation of the Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

A prisoner cannot bring a section 1983 prison-conditions lawsuit before exhausting available administrative remedies. See 42 U.S.C. § 1997e(a). After the magistrate directed Boyles to provide proof of exhaustion, Boyles submitted over 100 exhausted and unexhausted grievances, but the exhausted grievances did not cover the multitude of claims raised in his complaint. Further, while there was some evidence in the record below about problems with the grievance process, the evidence was not specific enough to show that prison officials had prevented Boyles from administratively exhausting the issues he raised in the instant lawsuit. Cf. Sergent v. Norris, 330 F.3d 1084, 1085-86 (8th Cir. 2003) (per curiam) (prison official's failure timely to respond to grievance could show prisoner exhausted "available" remedies; remedy that prison official prevents inmate from using is not available) (citing Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001).

Thus, the district court was required to dismiss Boyles's complaint without prejudice. See Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) (dismissal required when inmate has not administratively exhausted remedies before filing lawsuit); Kozohorsky v. Harmon, 332 F.3d 1141, 1143 (8th Cir. 2003) (when multiple prison- conditions claims have been joined, section 1997e(a)'s plain language requires that available administrative remedies be exhausted as to all claims); Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000) (remanding with directions to dismiss complaint without prejudice where record showed failure to exhaust), cert. denied, 531 U.S. 1156 (2001). The dismissal should not, however, count as a "strike" for purposes of 28 U.S.C. § 1915(g), because Boyles alleged exhaustion in his initial complaint; and we revise the judgment accordingly. Cf. Porter v. Fox, 99 F.3d 271, 274 (8th Cir. 1996) (plaintiff who did not allege exhaustion of administrative remedies failed to state claim).

_____